**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| **RACHEL MARTIN,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**LENNAR HOMES OF TENNESSEE, LLC and L & R PLUMBING, INC., d/b/a Myers Plumbing,**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:25-cv-00106**<br>**Judge William L. Campbell, Jr.** |

---

**COMPLAINT**

---

Plaintiff, Rachel Martin, amends her Complaint pursuant to T.C.A. § 20-1-119 to add Tennessee resident, L & R Plumbing, Inc. d/b/a Myers Plumbing as a party defendant based on the allegation of comparative fault in the "Third Defense" asserted in Defendant Lennar Homes of Tennessee, LLC's Answer, and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is an adult resident of Tennessee.

2. Defendant is a Delaware limited liability company that transacts business in Tennessee, and was properly served.

3. Defendant L & R Plumbing, Inc. is a Tennessee corporation with a principal office address located at 2306 Winford Avenue, Nashville, Tennessee 37211-2144.

4. All acts and omissions complained of herein occurred in Columbia, Maury County, Tennessee.

5. The real property that is the subject of this litigation is situated in Maury County, Tennessee.

6. This action was originally filed in the Circuit Court for Maury County, Tennessee. Defendant Lennar Homes of Tennessee, LLC filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332. The addition of Defendant L & R Plumbing, Inc. destroys diversity of citizenship and Plaintiff therefore submits that the case should be remanded to the Circuit Court for Maury County, Tennessee.

## FACTUAL BACKGROUND

7. In May of 2024, began a tenancy at 2547 Drumwright Way, Columbia, Tennessee 38401 ("Property").

8. The Property was new construction.

9. Defendant Lennar acted as developer and general contractor in constructing the Property.

10. As such, Defendant owed a common law duty to prospective purchasers and occupants of the Property to construct the Property in a good and workmanlike manner, in conformance with applicable laws, codes, and standards, and to sell the Property in a safe and habitable condition.

11. On information and belief, Defendant L & R Plumbing, Inc. was Defendant Lennar's plumbing subcontractor engaged to perform plumbing work and services at the Property.

12. Defendant Lennar owed a duty to prospective purchasers and occupants of the Property to properly and competently supervise the work of subcontractors performing work to construct the Property.

13. Defendant L & R Plumbing, Inc. owed a duty to prospective purchasers and occupants of the Property to properly and competently perform the plumbing work.

14. Plaintiff is a mold-sensitive individual.

15. In December of 2024, a plumbing vent stack in the attic developed a leak due to improper construction.

16. On information and belief, and based on the Answer filed by Defendant Lennar, that work was performed by Defendant L & R Plumbing, Inc.

17. It was later determined that the subcontractor who installed the vent stack did so negligently and improperly, which caused the leak.

18. The leak led to the growth of mold, mildew, and other organic microbial growth that Plaintiff is sensitive to.

19. To repair the improper plumbing, Defendant had to open the area between the living space and attic.

20. In so doing, Defendant allowed mold, mildew, and other organic microbial growth to enter into the living space.

21. On information and belief, and based on the Answer filed by Defendant Lennar, this work was performed by Defendant L & R Plumbing, Inc.

22. Plaintiff later discovered that Defendant and its subcontractors improperly sealed the HVAC unit, which allowed warm and humid attic air to rapidly condense inside the unit's ducts, which also contributed to the growth of mold, mildew, and other organic microbial growth, which was vented throughout the home.

23. In addition, defects surrounding construction of the stairs, failure to install a proper vapor barrier, and failure to properly flash the doors, and failure to adequately vent the attic, contributed to further mold, mildew, and microbial growth.

24. In December of 2024, Plaintiff became ill due to the presence of the mold, mildew, and other organic microbial growth.

25. Plaintiff, as a result, has suffered injuries and damages, including past and future medical bills, pain, suffering, and mental anguish, property damage to remediate the condition of the Property, damages to procure alternate housing, damages for lost wages, and has otherwise been injured and damaged.

**COUNTI: NEGLIGENCE RESULTING IN PERSONAL INJURY AND PROPERTY DAMAGE**

26. All prior paragraphs are incorporated by reference as if fully set forth.

27. As set forth above, Defendants owed Plaintiff a common law duty of care to safely and properly complete the construction of the Property so as to render it safe and habitable.

28. As set forth above, Defendant owed Plaintiff a common law duty of care to properly and appropriately supervise subcontractors so that the Property would be constructed to be safe and habitable.

29. Defendant breached these duties, and created an unsafe and unreasonable risk of harm to Plaintiff.

30. As a result, Plaintiff has been injured and damaged.

**WHEREFORE**, having fully set forth her causes of action against the Defendants, Plaintiff respectfully requests the following relief:

a. That the Complaint be accepted for filing and a summons issued for service on Defendant L & R. Plumbing, Inc..

b. That this case be remanded to the Circuit Court for Maury County, Tennessee;

c. That Defendants be required to answer within the time period required by law;

d. That Plaintiff be awarded a judgment against the Defendants for past and future medical treatment, anguish, pain, and suffering, property damages, damages for alternate housing, damages for lost wages, and further and general relief in an amount to be proven at trial but not to exceed $750,000.00;

e. That all costs be taxed against the Defendants.

f. That a jury of twelve (12) be empaneled to try all issues so triable.

g. For such further and general relief Plaintiff may appear entitled.

Respectfully submitted,

**SURBER, ASHER, SURBER & MOUSHON, PLLC**

*/s/ Matthew A. Moushon*
Matthew A. Moushon (25590)
The Forum at Athens Way
220 Athens Way, Suite 310
Nashville, Tennessee 37228
(615) 997-1908
(615) 953-1473
mmoushon@tennlawfirm.com

***Attorneys for Plaintiff***

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2026, a true and correct copy of the foregoing document was served via the Court's ECF system and by electronic mail upon:

Russell B. Morgan
Rachel L. Sodee
Bradley Arant Boult Cummings, LLP
1221 Broadway, Suite 2400
Nashville, TN 37203
rmorgan@bradley.com
rsodee@bradley.com

*/s/ Matthew A. Moushon*
Matthew A. Moushon